(895 P.2d 198)
No. 71,899

STATE OF KANSAS, *Appellee*, v. JOSE MANUEL OCHOA, *Appellant*.

Opinion filed April 28, 1995.

*Daniel H. Diepenbrock* and *Linda W. Powell*, of Miller & Diepenbrock, P.A., of Liberal, for the appellant.

*Douglas P. Campbell*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRAZIL, P.J., LEWIS, J., and E. NEWTON VICKERS, District Judge Retired, assigned.

LEWIS, J.: Defendant was convicted of one count of aggravated battery. He appeals, arguing the trial court erred in failing to instruct the jury on certain lesser included offenses.

We agree and reverse and remand.

Defendant's problems began with his ill-fated decision to attend a wedding dance. The evening ended with gunfire and bloodshed.

There was little good feeling between defendant's family and the Ramirez/Degollado families. The record indicates that Seferino Ramirez was known to carry a handgun. Because of this fact, defendant made the decision to take his pistol to the dance.

Some of the participants at the wedding dance consumed a substantial amount of beer and other alcoholic beverages. Towards the end of the evening, the police were called to intervene in an altercation between defendant and Seferino Ramirez. The police allegedly escorted Ramirez out of the dance hall and kept an eye on him until he "calmed down." The police left too soon. At midnight, the dance ended and the serious trouble began.

Defendant, his wife, two sisters, and two cousins left the dance through a side door, apparently fearing trouble. Defendant and his party got into two vehicles, with defendant driving his pickup. As defendant attempted to leave the area, he observed three Ramirez brothers, two Degollado brothers, and Enrique Rodriguez advancing on foot towards his pickup. He claims the advancing group was throwing beer bottles and cans at his pickup. The State's evidence indicates the advancing group threw nothing until after shots were fired.

Regardless of who is correct, the fact is that defendant fired his .380 caliber semiautomatic handgun three or four times either into the air or at the party advancing towards his pickup. Defendant claims he was shooting into the air, seeking only to frighten the group. He did more than frighten them; his gunshots hit at least three members of the Ramirez/Degollado group.

Venancio Ramirez was shot in the stomach. He was taken to the hospital, where exploratory surgery revealed that the bullet had entered his abdomen and gone out through his back. The bullet hit no vital organs, and he recovered from the wound. Reynario Ramirez was shot in both calves. Alfredo Degollado testified that something hit him in the leg, causing a small bruise. His jeans were not torn, and there was no bleeding.

Defendant was arrested at his mother's home without incident. The handgun was found in the dirt behind the house. The six-shot pistol had two live rounds jammed in the loading mechanism and was inoperable.

Other facts will be developed when necessary.

## INSTRUCTIONS

Defendant was originally charged with two counts of attempted murder (against Venancio Ramirez and Reynario Ramirez), two counts of severity level 4 aggravated battery (against Venancio Ramirez and Reynario Ramirez), and one count of severity level 7 aggravated battery (against Alfredo Degollado). Prior to trial, the State was granted permission, over defendant's objection, to amend the information to charge attempted first-degree murder and aggravated battery in the alternative.

The trial court, over defendant's objections, instructed the jury as to lesser included offenses of first-degree murder. The jury was also instructed on self-defense.

Defendant argues that the trial court erred in failing to instruct the jury on lesser included offenses of level 4 aggravated battery. Defendant did not request this instruction during trial but did raise the issue in his motion for a new trial.

Because defendant failed to request the instruction he argues should have been given, our standard of review is whether the failure to give the instruction was clearly erroneous. See *State v. Gonzales*, 253 Kan. 22, 24, 853 P.2d 644 (1993). "An instruction is clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there is a real possibility the jury would have returned a different verdict." *State v. Deavers*, 252 Kan. 149, Syl. ¶ 4, 843 P.2d 695, *cert. denied* ___ U.S. ___, 125 L. Ed. 2d 676 (1992).

At this point, we note that defendant objected at length to the lesser included offense instructions on the charge of attempted first-degree murder. Defendant wished to "go for broke" on the attempted first-degree murder charges. The trial court overruled defendant's objections, stating: "I'm going to instruct the jury on attempted first-degree murder, attempted second-degree murder,

[and] attempted manslaughter because I firmly believe that it's the court's duty to instruct the jury on any offense that the defendant could be found guilty of that's within the information and the evidence." The trial court correctly stated the law, and it is on the basis of that law that we reverse and remand.

In 1994, the crime of aggravated battery was substantially restated by the legislature. It is now subdivided into four severity levels. K.S.A. 1994 Supp. 21-3414(a) provides:

"Aggravated battery is:

(1)(A) Intentionally causing great bodily harm to another person or disfigurement of another person; or

(B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or

(C) intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or

(2)(A) recklessly causing great bodily harm to another person or disfigurement of another person; or

(B) recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted."

K.S.A. 1994 Supp. 21-3414(b) classifies the different levels of aggravated battery, apparently for the purpose of fitting the crime within the framework of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1994 Supp. 21-4701 *et seq.*:

"Aggravated battery as described in subsection (a)(1)(A) is a severity level 4, person felony. Aggravated battery as described in subsections (a)(1)(B) and (a)(1)(C) is a severity level 7, person felony. Aggravated battery as described in subsection (a)(2)(A) is a severity level 5, person felony. Aggravated battery as described in subsection (a)(2)(B) is a severity level 8, person felony. A person convicted of aggravated battery shall be subject to the provisions of subsection (h) of K.S.A. 1994 Supp. 21-4704 and amendments thereto [presumptive imprisonment if a firearm is used]."

We must decide whether the lesser severity levels of aggravated battery are either included offenses or lesser included offenses of level 4 aggravated battery. This is a question of law, and our review is unlimited. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993); *State v. Colston*, 20 Kan. App. 2d 107, 110,

883 P.2d 1231 (1994). Since the statute involved is a criminal statute, it must be construed strictly against the State. See *State v. JC Sports Bar, Inc.,* 253 Kan. 815, 818, 861 P.2d 1334 (1993).

"The defendant in a criminal prosecution has a right to have the court instruct the jury on all lesser included offenses established by substantial evidence, *even though not requested by the accused.* K.S.A. 21-3107(3); *State v. Arney,* 218 Kan. 369, Syl. ¶ 6, 544 P.2d 334 (1975), *cert. denied* 128 L. Ed. 2d 345 (1994). Where there is substantial evidence that the lesser degree of the offense charged had been committed, instructions relating to the lesser included offense must be given. *State v. Clardy,* 252 Kan. 541, Syl. ¶ 2, 847 P.2d 694 (1993)." (Emphasis added.) *State v. Gibbons,* 256 Kan. 951, 955, 889 P.2d 772 (1995).

### K.S.A. 21-3107(2) provides:

"Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an *included* crime, but not both. An included crime may be any of the following:

(a) *A lesser degree of the same crime;*

(b) an attempt to commit the crime charged;

(c) an attempt to commit a lesser degree of the crime charged; or

(d) *a crime necessarily proved if the crime charged were proved.*" (Emphasis added.)

"In determining whether a lesser crime is a lesser included offense under K.S.A. 21-3107(2)(d), a two-step analysis or two-pronged test has been adopted. The first step is to determine whether all of the statutory elements of the alleged lesser included crime are among the statutory elements required to prove the crime charged. If so, the lesser crime is a lesser included crime of the crime charged. Under the second prong of the test, even if the statutory elements of the lesser crime are not all included in the statutory elements of the crime charged, the lesser crime may still be a lesser included crime under K.S.A. 1987 Supp. 21-3107(2)(d) if the factual allegations of the charging document and the evidence required to be adduced at trial in order to prove the crime charged would also necessarily prove the lesser crime." *State v. Fike,* 243 Kan. 365, Syl. ¶ 1, 757 P.2d 724 (1988).

The trial court has a duty to instruct on all lesser included offenses established by the evidence. This duty arises only where there is some evidence under which a defendant may reasonably be convicted of the lesser included offense. *State v. Hammond,* 251 Kan. 501, 506-07, 837 P.2d 816 (1992). The duty arises even where the evidence supporting the lesser included offense is weak and is based only upon the testimony of the defendant. "The test is whether the evidence could, within reason, cause a jury to con-

vict the defendant of the lesser charge." *State v. Manzanares*, 19 Kan. App. 2d 214, 218, 866 P.2d 1083 (1994). This duty exists whether defendant requests the instruction or not. *State v. Linn*, 251 Kan. 797, 805, 840 P.2d 1133 (1992).

K.S.A. 21-3107, quoted above, provides that if, in proving the crime charged, the State must necessarily prove another crime, the latter is an included crime of the crime charged.

The various elements of each subsection of aggravated battery, as it is now defined by K.S.A. 1994 Supp. 21-3414, are shown on the following chart:

| (a)(1)(A) level 4 | (a)(1)(B) level 7 | (a)(1)(C) level 7 | (a)(2)(A) level 5 | (a)(2)(B) level 8 |
|---|---|---|---|---|
| Intentionally causing | Intentionally causing | Intentionally causing | Recklessly causing | Recklessly causing |
| Great bodily harm or disfigurement | Bodily harm | Physical contact done in a rude, insulting, or angry manner | Great bodily harm or disfigurement | Bodily harm |
| | with a deadly weapon or in any manner whereby great bodily harm, disfigurement, or death can be inflicted | with a deadly weapon or in any manner whereby great bodily harm, disfigurement, or death can be inflicted | | with a deadly weapon or in any manner whereby great bodily harm, disfigurement, or death can be inflicted |

As can be seen, a level 4 aggravated battery is proven by showing that defendant *intentionally* caused *great bodily harm* to the victim. It is difficult to envision how the State could prove a level 4 aggravated battery without necessarily proving a level 7 aggravated battery. A level 7 aggravated battery under 21-3414(a)(1)(B) is shown by proof that a defendant *intentionally caused bodily harm* to a victim with a deadly weapon or in any manner whereby great bodily harm, disfigurement, or death can be inflicted.

It appears inescapable to us that in proving great bodily harm in a level 4 charge, the State must necessarily prove bodily harm.

The only difference between a level 4 aggravated battery and a level 7 aggravated battery is whether defendant intended to inflict *great* bodily harm or disfigurement or merely intended to inflict *bodily harm*, but in a manner "whereby great bodily harm, disfigurement or death can be inflicted." In proving both charges, the State must prove that defendant intentionally inflicted bodily harm. In addition, in this case, the State's evidence was that defendant intentionally inflicted bodily harm with a *deadly weapon.*

In this case, the question of whether the bodily harm inflicted was *great* was a question for the jury. We reject the concept that the trial court may decide, in every case, as a matter of law whether the bodily harm inflicted was or was not *great*. In the instant matter, the victim certainly suffered bodily harm. He suffered a gunshot wound to the abdomen. Whether this was merely bodily harm or great bodily harm was a matter to be decided by the jury. The State, in attempting to prove that defendant intentionally inflicted great bodily harm, necessarily was required to prove that defendant intentionally inflicted bodily harm. We hold that proof of a level 4 aggravated battery necessarily proves a level 7 aggravated battery as defined by 21-3414(a)(1)(B). A level 7 aggravated battery is an included crime of a level 4 aggravated battery, and the trial court erred in failing to instruct the jury on the level 7 aggravated battery. The evidence in this case would support a conclusion that defendant intentionally inflicted great bodily harm on the victim with a deadly weapon or that defendant intentionally inflicted bodily harm on the victim with a deadly weapon. Whether the harm was great or not was a question of fact to be decided by the jury.

Level 5 and level 8 aggravated battery are described by 21-3414(a)(2)(A) and (a)(2)(B). These two subsections substitute the element of recklessness for the element of intent.

K.S.A. 1994 Supp. 21-3201(c) defines "reckless conduct" as "conduct done under circumstances that show a realization of the imminence of danger to the person of another and a conscious and unjustifiable disregard of that danger."

In this case, defendant testified that he did not intend to shoot anyone and that he shot his pistol in the air merely to frighten

those advancing on his pickup. If the jury were to believe this evidence, it would support a conviction for reckless aggravated battery.

The facts show that defendant either intentionally or recklessly inflicted great bodily harm or bodily harm upon the victims. The evidence in this case would support a conviction of any of the various levels of aggravated battery. The distinction between the levels of aggravated battery is the extent of harm inflicted and the mindset of the defendant in inflicting the harm. It is the function of a jury to decide whether the actions were intentional or reckless and whether the harm was great or not. The facts used to prove the charge of severity level 4 aggravated battery would also prove severity levels 5 and 8 aggravated battery, depending upon the manner in which the evidence was viewed by the jury. We hold that severity levels 5 and 8 aggravated battery are lesser included offenses of severity level 4 aggravated battery and that the trial court erred in failing to instruct the jury on severity levels 5 and 8 aggravated battery.

We now turn to our standard of review. We conclude from our review of the record that had the trial court instructed the jury on the lesser included offenses of aggravated battery, a real possibility existed that the jury would have returned a different verdict. Under our standard of review, the failure of the trial court to instruct the jury on the lesser included crimes is reversible error and, accordingly, we reverse defendant's conviction and remand for a new trial.

## SUFFICIENCY OF THE EVIDENCE

Defendant argues there was insufficient evidence to find beyond a reasonable doubt either the intent or the great bodily harm necessary to sustain a conviction for level 4 aggravated battery. We do not agree.

"When the sufficiency of the evidence is challenged in a criminal case, the standard of review on appeal is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Borthwick*, 255 Kan. 899, Syl. ¶ 1, 880 P.2d 1261 (1994).

Our remarks in discussing the issue of instructions indicate that we believe the evidence was sufficient to convict defendant of level 4 aggravated battery. We conclude defendant's argument on this issue is without merit.

The other issues raised by defendant are rendered moot by our decision to reverse his conviction and remand for a new trial.

We note in closing that the county attorney in his closing argument to the jury said, "And if you, as a jury—And that is what you're here for, you're right here in this jury box, . . . and you're fixing to set the standard in this community about what reasonable is." There was an objection to that comment which the trial court overruled, but the court ordered the county attorney to "keep his comments within the instructions, within the law." We simply observe that those remarks by the prosecuting attorney stand on the very edge of propriety. We suggest that upon a retrial of this matter, the county attorney confine his comments to the evidence and the instructions.

Reversed and remanded.