(59 P.3d 1034)
No. 87,695

STATE OF KANSAS, *Appellee*, v. JESSE ALLEN WINTERS, *Appellant*.

Opinion filed December 20, 2002.

*Matthew Edge* and *Theresa Barr*, assistant appellate defenders, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*Russ Roe*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON, P.J., KNUDSON, J., and LARSON, S.J.

KNUDSON, J.: Jesse Winters appeals his conviction for aggravated battery, a severity level 4, person felony. K.S.A. 21-3414(a)(1)(A). Two issues are presented: (1) Did the trial court properly instruct the jury, and (2) did the trial court err in excluding evidence proffered by the defendant to establish the alleged vic-

tim's propensity for violence? Winters does not challenge the sufficiency of the evidence to support his conviction.

We conclude the trial court did not err in excluding the propensity evidence proffered by Winters. However, we also conclude the trial court's instructions were clearly erroneous, Winters' conviction for a level 4 aggravated battery must be set aside, and the defendant must be resentenced for commission of a level 7 aggravated battery.

*Exclusion of Propensity Evidence*

Winters' theory of defense was self-defense. He contended the victim attacked him and he reacted in self-defense. Winters argues the trial court erred in excluding proffered testimony of a witness that on a previous occasion the victim committed violent acts toward her former domestic partner. Winters' contention before the trial court was that the evidence was relevant to show the alleged victim's propensity to become violent with a domestic partner.

The standard of appellate review is abuse of discretion. *State v. Lewis*, 27 Kan. App. 2d 380, 384, 5 P.3d 531 (2000).

Resolution of this issue is controlled by K.S.A. 60-447, which provides, in material part:

"Subject to K.S.A. 60-448 when a trait of a person's character is relevant as tending to prove conduct on a specified occasion, such trait may be proved in the same manner as provided in K.S.A. 60-446, *except that (a) evidence of specific instances of conduct other than evidence of conviction of a crime which tends to prove the trait to be bad shall be inadmissible . . . .*" (Emphasis added.)

In *State v. Mason*, 208 Kan. 39, Syl. ¶ 1, 490 P.2d 418 (1971), a murder case, the Supreme Court held under an issue of self-defense that the violent character of the deceased could be shown only by reputation testimony or evidence of prior convictions.

Winters does not contend his proffer to the court included evidence of prior convictions. We conclude the trial court did not err in excluding the evidence of specific instances of conduct to prove the victim's propensity for violence and conduct toward the defendant.

On appeal, Winters seems to acknowledge the statutory prohibition against admitting specific instances of conduct but suggests

the witness should have been allowed to testify and give opinion or reputation testimony as permitted under K.S.A. 60-446 and K.S.A. 60-447. We do not agree. Winters' proffer to the court did not include opinion or reputation testimony. Consequently, we will not set aside the trial court's evidentiary ruling. See K.S.A. 60-405.

### Jury Instructions and Verdict Forms

In its second amended information, the State presented a two-count complaint. In Count II, Winters was charged with aggravated kidnapping. The jury found him not guilty of that offense.

The reversible error in this proceeding was initiated as a result of Count I in the Information charging Winters in the alternative with attempted second-degree murder, aggravated battery (level 4), or aggravated battery (level 7). In instructing the jury, the trial court failed to recognize a level 7 aggravated battery is an included crime of a level 4 aggravated battery (K.S.A. 2001 Supp. 21-3107[2][a], see *State v. Ochoa*, 20 Kan. App. 2d 1014, Syl. ¶ 3, 895 P.2d 198 [1995]), and improvidently instructed the jury in the alternative. This error was compounded by the following multiple counts instruction given by the court that was taken verbatim from a pattern instruction, PIK Crim. 3d 68.07:

"Each crime charged against the defendant is a separate and distinct offense. You must decide each charge separately on the evidence and law applicable to it, uninfluenced by your decision as to any other charge. *The defendant may be convicted or acquitted on any or all of the offenses charged.* Your finding as to each crime charged must be stated in a verdict form signed by the presiding juror." (Emphasis added.)

We acknowledge that under the pleadings, PIK Crim. 3d 68.07 is probably an appropriate instruction regarding the alternative crimes of attempted second-degree murder and aggravated battery. However, the instruction given was not limited to those alternatives, but instead applied as well to the alternative battery charges.

The error was compounded by submitting to the jury three verdict forms pertaining to Count I of the Information that provided: form number 1—guilty or not guilty of attempted second-degree murder; form number 2—guilty of a level 4 aggravated battery,

guilty of simple battery, not guilty; and form number 3—guilty of a level 7 aggravated battery, guilty of simple battery, or not guilty. Obviously, this was error as the trial court should have provided the jury, for the charged crime of a level 4 aggravated battery, with a lesser included verdict form as to a level 7 aggravated battery or simple battery (PIK Crim. 3d 68.10).

All of the above circumstances set the stage for jury confusion to arise during deliberations. Approximately 2 hours after deliberations began, the jury sent a written question to the trial court, asking: "If we find [Winters] guilty to [level 7 aggravated battery], do we have to find [him] guilty to [level 4 aggravated battery]?" After conferring with counsel, the court decided to respond by referring the jury to instruction number 8, which provided that each charge is to be considered separately. Thereafter, the jury returned verdicts, finding Winters guilty of both level 4 aggravated battery and level 7 aggravated battery.

After the jury was discharged, the court informed counsel and the defendant:

"The court finds that the charges of attempted second degree murder, the Level 4 aggravated battery and the Level 7 aggravated battery were pled in this case in the alternative. Under [PIK Crim. 3d 68.07], the direction from the case of *State versus Dixon*, the Court would find that those are multiplicious charges and therefore the verdicts on the two counts of aggravated battery would be merged into the most serious charge, and the defendant is adjudged and found on the verdict of the jury to be guilty only of the Level 4 person felony of aggravated battery."

Because the trial court erroneously concluded the battery charges were alternative and multiplicitous, the above explanation is understandable. Alternative charges based on a single act are multiplicitous, and in *State v. Dixon*, 252 Kan. 39, Syl. ¶ 4, 843 P.2d 182 (1992), the Supreme Court held that "the jury need not consider the lesser alternative charge if it finds the defendant guilty of the greater charge." However, the statement in *Dixon* that "PIK Crim. 2d 68.07 [now PIK Crim. 3d 68.07] is not appropriate where the defendant has been charged in the alternative" is dicta and arguably inconsistent with *State v. Turbeville*, 235 Kan. 993, 995, 686 P.2d 138 (1984), although *Dixon* deals strictly with an instruction for the jury and not underlying convictions for multiplicitous

offenses. 252 Kan. at 49. In *Turbeville*, the defendant was charged with multiplicitous offenses of attempted murder and aggravated battery arising out of the same overt act. The jury found Turbeville committed both offenses. The Supreme Court concluded that because the offenses were multiplicitous, the proper remedy was to set aside the conviction and sentence for the lesser crime of aggravated battery. 235 Kan. at 995.

It is apparent the PIK committee believes a jury should be allowed to find a defendant guilty of multiplicitous offenses. However, in accordance with *Dixon, Turbeville*, and a legion of other decisions, a defendant may only be convicted and sentenced for commission of the greater offense. Undoubtedly, the committee's reasoning is that if on appeal an outright reversal is mandated for a multiplicitous crime, a conviction might still be proper upon remand if the jury had found the defendant guilty under an alternative theory that has no legal infirmity. Conversely, if the dicta in *Dixon* is followed, there would be an implicit acquittal as to all other alternative charges because the jury was not allowed to continue with its fact finding as to the alternative charge. We conclude there is no legal or factual reason a jury should not be allowed to deliberate and decide each and every alternative charge as was done in *Turbeville.*

Here, the trial court simply failed to recognize that the State improperly charged Winters with alternative battery charges. As a consequence, the instructions and verdict forms that followed were erroneous.

The jury found Winters guilty of an aggravated 7 person felony, a lesser degree of an aggravated 4 person felony. Accordingly, as a matter of law, Winters could not be convicted of the greater offense. The trial court erred in its response to the jury and in applying multiplicitous doctrine to merge the convictions. The proper remedy is to vacate Winters' conviction and sentence for a level 4 aggravated battery and remand to the trial court for imposition of sentence for the level 7 aggravated battery.

Reversed and remanded with instructions.