No. 87,695

STATE OF KANSAS, *Appellee,* v. JESSE ALLEN WINTERS, *Appellant.*
(72 P.3d 564)

Opinion filed July 11, 2003.

*Theresa L. Barr*, assistant appellate defender, argued the cause, and *Steven R. Zinn*, deputy appellate defender, was with her on the brief for appellant.

*Ellen H. Mitchell*, county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: A jury convicted Jesse Winters of a severity level 4 aggravated battery and a severity level 7 aggravated battery. The trial court found the convictions were multiplicitous and merged into the greater offense, the severity level 4 aggravated battery. On direct appeal, the Court of Appeals vacated Winters' conviction of the severity level 4 aggravated battery and remanded for imposition of sentence on the severity level 7 aggravated battery. *State v. Winters*, 31 Kan. App. 2d 38, 59 P.3d 1034 (2002). This court granted the State's petition for review pursuant to K.S.A. 20-3018(b).

We reverse the Court of Appeals on the one issue subject to our review and affirm the trial court on that issue.

## FACTS

After a domestic dispute with his girlfriend, Winters was alternatively charged in the first count of the amended information with attempted second-degree murder, severity level 4 aggravated battery, and severity level 7 aggravated battery. These alternative charges were based upon the same acts and required the same evidence to prove the charges. The second count charged aggravated kidnapping.

The jury was instructed on those charges, on battery as a lesser included offense of the aggravated battery charges, and on kidnapping as a lesser included offense of aggravated kidnapping. Thus, the verdict forms submitted to the jury provided:

Form A—guilty or not guilty of attempted second-degree murder;

Form B—guilty of severity level 4 aggravated battery, guilty of battery, or not guilty;

Form C—guilty of severity level 7 aggravated battery, guilty of battery, or not guilty;

Form D—guilty of aggravated kidnapping, guilty of kidnapping, or not guilty.

During deliberations, the jury asked: "If we find guilty to No. 4 [elements instruction for severity level 7 aggravated battery], do we have to find guilty to No. 3 [elements instruction for severity level 4 aggravated battery]?" After conferring with counsel, the trial court referred the jury to Instruction No. 8 which stated:

"Each crime charged against the defendant is a separate and distinct offense. You must decide each charge separately on the evidence and law applicable to it, uninfluenced by your decision as to any other charge. The defendant may be convicted or acquitted on any or all of the offenses charged. Your finding as to each crime charged must be stated in a verdict form signed by the presiding juror."

See PIK Crim. 3d 68.07 (Multiple Counts Verdict Instruction).

The jury returned a verdict convicting Winters of both the severity level 4 and severity level 7 aggravated battery charges. The jury acquitted him of the attempted second-degree murder and aggravated kidnapping charges. Regarding the aggravated battery convictions, the trial court stated:

"The Court finds that the charges of attempted second-degree murder, the Level 4 aggravated battery and the Level 7 aggravated battery were pled in this case in the alternative. Under [PIK Crim. 3d 68.07 and] direction from the case of [*State v. Dixon*, 252 Kan. 39, 843 P.2d 182 (1992)], the Court would find that those are multiplicitous charges and therefore the verdicts on the two counts of aggravated battery would be merged into the most serious charge, and the defendant is adjudged and found on the verdict of the jury to be guilty only of the Level 4 person felony of aggravated battery."

On direct appeal, the Court of Appeals reversed and remanded, ruling that the trial court's instructions to the jury were clearly erroneous because they treated the severity level 7 aggravated battery as an alternative crime rather than as a lesser included offense of the severity level 4 aggravated battery. 31 Kan. App. 2d at 40-42. The Court of Appeals also ruled that because the doctrine of merger did not apply to lesser included offenses the proper remedy

was to vacate Winters' conviction of the severity level 4 aggravated battery and remand for imposition of sentence on the severity level 7 aggravated battery. 31 Kan. App. 2d 38 at 41-42. This court granted the State's petition for review on this issue.

The Court of Appeals also ruled that the trial court had properly excluded evidence that Amy James had previously committed violent acts toward a domestic partner. 31 Kan. App. 2d at 39-40. Winters did not petition for review of that ruling.

## STANDARD OF REVIEW

When reviewing challenges to jury instructions, this court is required to consider all of the instructions, reading them as a whole. "If the instructions properly and fairly state the law as applied to the facts of the case, and a jury could not reasonably have been misled by them, the instructions do not constitute reversible error even if they are in some way erroneous. [Citation omitted.]" *State v. Mitchell*, 269 Kan. 349, 355, 7 P.3d 1135 (2000).

In this case, Winters did not object to any of the jury instructions or to the trial court's response to the jury's question during deliberations. Where no objection has been lodged, this court will reverse only if the instruction or failure to give the instruction is clearly erroneous. K.S.A. 2002 Supp. 22-3414(3). "Instructions are clearly erroneous only if the reviewing court is firmly convinced that there is a real possibility the jury would have rendered a different verdict if the trial error had not occurred. [Citation omitted.]" *State v. Evans*, 270 Kan. 585, 588, 17 P.3d 340 (2001).

## LESSER INCLUDED OFFENSE ANALYSIS

The Court of Appeals found the instructions and verdict forms to be clearly erroneous because the jury should have been instructed that severity level 7 aggravated battery was a lesser included offense of severity level 4 aggravated battery. The Court of Appeals cited *State v. Ochoa*, 20 Kan. App. 2d 1014, Syl. ¶ 3, 895 P.2d 198 (1995), *disapproved in part State v. Valentine*, 260 Kan. 431, 434-35, 921 P.2d 770 (1996), which held: "Under K.S.A. 1994 Supp. 21-3414, severity levels 5, 7, and 8 aggravated battery are included offenses of level 4 aggravated battery."

We agree with the Court of Appeals that the severity level 7 aggravated battery, charging that Winters intentionally caused bodily harm to another person in a manner whereby great bodily harm could be inflicted, was a lesser included offense of severity level 4 aggravated battery. However, we reach that conclusion through a different analysis than that utilized by the Court of Appeals. In the *Ochoa* case relied upon by the Court of Appeals, the court analyzed the aggravated battery offenses under a previous version of K.S.A. 21-3107(2)(d) which defined "an included crime," in part, as "a crime necessarily proved if the crime charged were proved." 20 Kan. App. 2d at 1018-21. This particular subsection of the statute, which was the basis for the two-prong test of *State v. Fike*, 243 Kan. 365, 757 P.2d 724 (1988), was deleted from the statute in 1998. See L. 1998, ch. 185, § 1.

K.S.A. 2002 Supp. 21-3107 now provides in relevant part:

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or a lesser included crime, but not both. A lesser included crime is:

(a) A lesser degree of the same crime;

(b) a crime where all elements of the lesser crime are identical to some of the elements of the crime charged;

(c) an attempt to commit the crime charged; or

(d) an attempt to commit a crime defined under subsection (2)(a) or (2)(b)."

In this case, the jury was instructed that to find Winters guilty of aggravated battery as defined in Instruction No. 3, it had to find that "the defendant intentionally caused great bodily harm to another person." (Severity level 4 aggravated battery pursuant to K.S.A. 21-3414[a][1][A].) To find Winters guilty of aggravated battery as defined in Instruction No. 4, the jury had to find that he "intentionally caused bodily harm to another person [. . .] in any manner whereby great bodily harm, disfigurement or death can be inflicted." (Severity level 7 aggravated battery pursuant to K.S.A. 21-3414[a][1][B].)

Thus, for both offenses the jury had to find that Winters intentionally caused bodily harm to another person. See PIK Crim. 3d 56.18. The two offenses differ in the result of the defendant's action: a severity level 4 aggravated battery results in "great bodily

harm" and a severity level 7 aggravated battery results when done "in any manner whereby great bodily harm, disfigurement or death can be inflicted." However, the element of "in any manner whereby great bodily harm, disfigurement or death can be inflicted" is an integral part of the element of "great bodily harm" because one who intentionally causes great bodily harm to another must necessarily do so in a manner whereby great bodily harm can be inflicted. Thus, all elements of the severity level 7 aggravated battery, alleging that a defendant "intentionally caused bodily harm to another person in any manner whereby great bodily harm, disfigurement or death can be inflicted," are identical to some of the elements of the severity level 4 aggravated battery; therefore, the severity level 7 aggravated battery is a lesser included offense of the severity level 4 aggravated battery pursuant to K.S.A. 2002 Supp. 21-3107(2)(b).

Consequently, the jury should have been instructed that it could find Winters guilty of a severity level 4 aggravated battery *or* the lesser included crime of a severity level 7 aggravated battery *or* the lesser included crime of battery *or* not guilty. It was error to instruct the jury as if the severity level 7 and severity level 4 aggravated battery charges were alternative crimes rather than to instruct that the severity level 7 aggravated battery was a lesser included crime of the severity level 4 aggravated battery.

## POSSIBILITY OF DIFFERENT VERDICT

In its petition for review, the State does not argue that the jury instructions were correct; instead, it focuses on whether any error in the instructions was harmless. To resolve that issue, we must compare the erroneous instructions to the instructions the jury would have received had it been correctly instructed and determine if there was a real possibility the jury's verdict was affected by the error. See *State v. Evans*, 270 Kan. at 588.

As previously discussed, the trial court instructed the jury based upon the manner the crimes were charged in the complaint, as alternatives. The jury should have been advised of the lesser included offenses and the verdict possibilities and then instructed: "When there is a reasonable doubt as to which of two or more

offenses defendant is guilty, [defendant] may be convicted of the lesser offense only." PIK Crim. 3d 68.09. In this case, the jury received this instruction with regard to battery as a lesser included offense of both aggravated battery charges and kidnapping as a lesser included offense of aggravated kidnapping. The trial court also utilized PIK Crim. 3d 68.07, the multiple counts verdict instruction, advising the jury that each crime was separate and distinct. There was no other instruction ordering the jury's deliberation.

Winters argues that the instructions resulted in an erroneous "reordering" of the charges for the jury's consideration. In a Notice of Additional Authority pursuant to Supreme Court Rule 6.09 (2002 Kan. Ct. R. Annot. 41), Winters cited this court's recent opinion in *State v. Graham*, 275 Kan. 831, 61 P.3d 662 (2003), for support of this argument. In *Graham*, the defendant was charged with attempted murder; the jury was instructed on attempted voluntary manslaughter as a lesser included offense. We held:

"Where there is evidence of mitigating circumstances of sudden quarrel or heat of passion justifying an instruction on voluntary manslaughter in a case where voluntary manslaughter is a lesser included offense, the failure to instruct the jury to consider such circumstances, consistent with PIK Crim. 3d 56.05B, in its determination of whether the defendant is guilty of second-degree murder, is always error and in most cases presents a case of clear error." 275 Kan. 831, Syl. ¶ 4.

The issue of ordering the jury's deliberation, when in the context of voluntary manslaughter, arises because an intentional homicide is reduced from murder to voluntary manslaughter if it is committed upon a sudden quarrel or in the heat of passion. 275 Kan. 831, Syl. ¶ 3. Thus, PIK Crim. 3d 56.05B instructs: "In determining whether the defendant is guilty of murder in the second degree, you should also consider the lesser offense of voluntary manslaughter."

The same analysis regarding the ordering of the jury's deliberations does not apply in this case. The jury was instructed to consider the crimes separately but in no particular order. We find no basis to conclude that discussing one of the crimes before the other would change the verdict in this case. The jury was instructed to consider the crimes separately and distinctly. Consequently, the

verdict on one charge would not affect the verdict on the other charge.

Thus, while the failure to instruct the jury that the severity level 7 aggravated battery was a lesser included offense of the severity level 4 aggravated battery was error, it was not clear error.

## RESPONSE TO THE JURY QUESTION

The main focus of Winters' argument is on the trial court's response to the jury's query: "If we find guilty to No. 4 [elements instruction for severity level 7 aggravated battery], do we have to find guilty to No. 3 [elements instruction for severity level 4 aggravated battery]?" After conferring with counsel, the trial court referred the jury to the multiple counts verdict instruction. Winters made no objection.

The trial court had a mandatory duty to respond to the jury's request for more information regarding the law or evidence arising in the case (K.S.A. 22-3420[3]) but had discretion as to the manner and extent of the response. *State v. Groschang*, 272 Kan. 652, 672, 36 P.3d 231 (2001) (citing *State v. Boyd*, 257 Kan. 82, Syl. ¶ 1, 891 P.2d 358 [1995]). Thus, we must examine whether the trial judge's reference to the multiple counts verdict instruction was an abuse of discretion. See *State v. Moore*, 274 Kan. 639, 643-45, 55 P.3d 903 (2002).

First, we note that there were multiple counts, not just alternative charges; thus, the trial court's initial utilization of the multiple counts verdict instruction, PIK Crim. 3d 68.07, when instructing the jury was not erroneous.

However, Winters contends that when the jury asked whether, if it convicted him of severity level 7 aggravated battery, it must also convict him of severity level 4 aggravated battery, the trial court should have simply answered, "No." The State contends that by referring the jury to the multiple counts verdict instruction, the trial court essentially gave the jury the answer Winters wanted. In other words, the multiple counts verdict instruction informed the jury that the answer to its question was: "No. If you find the defendant guilty of severity level 7 aggravated battery you do not have to find him guilty of a severity level 4 aggravated battery."

The State's contention has merit. As we have previously discussed, the multiple counts verdict instruction informed the jury it had to consider the charges separately. The instruction could not reasonably have led the jury to believe that if it convicted Winters of severity level 7 aggravated battery, it had to also convict him of severity level 4 aggravated battery.

Thus, under the facts of this case, we do not find that the trial court abused its discretion in referring the jury to the multiple counts verdict instruction.

## VACATING SENTENCE OF
## LESSER INCLUDED OFFENSE

The jury convicted Winters of both the severity level 7 and severity level 4 aggravated batteries. The trial court sentenced Winters for the more severe offense but not the lesser. The Court of Appeals ruled that this was error and determined Winters had to be sentenced for the lesser crime. 31 Kan. App. 2d at 42.

The prohibition against multiplicitous charges arises from constitutional double jeopardy provisions and K.S.A. 2002 Supp. 21-3107(2). That statute provides: "Upon prosecution for a crime, the defendant may be convicted of either the crime charged or a lesser included crime, but not both."

This court recently summarized the law regarding multiplicity as follows:

"[U]nder Kansas law, crimes are multiplicitous where: (1) the crimes merge, that is, they constitute a single wrongful act, and the same evidence is required to prove both crimes; but if each offense requires proof of a fact not required in proving the other, the offenses do not merge; and (2) one offense is an included offense of the other as provided under K.S.A. 21-3107(2). As a result, the defendant's convictions must be analyzed not only under the traditional elements test as set forth in [*State v. Garnes*, 229 Kan. 368, 372-73, 624 P.2d 448 (1981),] but also under the legislative test for determining whether one offense is an included offense of the other." *State v. Garcia*, 272 Kan. 140, 145, 32 P.3d 188 (2001).

The trial court was correct in ruling that the two convictions were multiplicitous. First, the severity level 7 aggravated battery was an included offense of the severity level 4 aggravated battery. Second, the crimes merged because the same evidence was required to

sustain each charge and the elements of proof necessary to prove the severity level 4 aggravated battery necessarily proved the severity level 7 aggravated battery. See *State v. Vontress*, 266 Kan. 248, 255-57, 970 P.2d 42 (1998).

In prior cases, this court has determined that where convictions are multiplicitous the defendant should be sentenced only on the more severe offense. In *State v. Turbeville*, 235 Kan. 993, 995, 686 P.2d 138 (1984), the court set aside the defendant's conviction and sentence for aggravated battery because the conviction was multiplicitous with an attempted murder conviction. See *State v. Garnes*, 229 Kan. 368, 372-74, 624 P.2d 448 (1981).

Although these cases are distinguishable, we find no basis under the facts of this case to reach a different result. The jury found Winters guilty of *both* the severity level 4 *and* the lesser included severity level 7 aggravated battery and, thus, made a factual finding that Winters committed the severity level 4 aggravated battery. We hold the trial court reached the correct result by setting aside the severity level 7 aggravated battery conviction and sentencing Winters for the severity level 4 aggravated battery.

We reverse the Court of Appeals and affirm the trial court.

ABBOTT and GERNON, JJ., not participating.

LARSON, S.J., and BRAZIL, S.J., assigned. Judge Larson recused after oral argument.