(223 P.3d 810)
No. 100,654

STATE OF KANSAS, *Appellee*, v. JOE DELACRUZ, *Appellant*.

174

Opinion filed January 22, 2010.

Ryan Eddinger and Meryl Carver-Allmond, of Kansas Appellate Defender Office, for appellant.

Don L. Scott, county attorney, and Steve Six, attorney general, for appellee.

Before HILL, P.J., CAPLINGER and LEBEN, JJ.

CAPLINGER, J.: In this appeal by Joe Delacruz of his aggravated battery conviction, he argues his right to a fair trial was violated by improper comments made by the district court during voir dire and trial, as well as improper comments made by the prosecutor during closing argument. Delacruz also contends the instructions given by the district court on aggravated battery and misdemeanor battery were clearly erroneous.

We conclude the district court erroneously instructed the jury on misdemeanor battery and aggravated battery and that a real possibility exists that, but for these errors, the jury would have rendered a different verdict. Thus, we reverse and remand to the district court for a new trial.

*Factual and Procedural Background*

On November 2, 2007, Delacruz and his wife, Angela Aguilar Delacruz (Angela), spent the evening driving around in Delacruz' truck and drinking beer. Eventually, they ended up at a bar where they continued to drink. At the bar, Delacruz became jealous and accused Angela of wanting to be with other men.

As the two left the bar, they argued over who should drive home. Angela dropped Delacruz off at a friend's home and then drove to a parking lot near their apartment. There, Angela parked the truck and sat in the parking lot for approximately an hour to an hour and a half because she had been drinking and did not want to drive. Also, she was worried about going home because she knew what "usually happen[ed]" when she and Delacruz drank.

Delacruz was present when Angela returned to the couple's apartment, and the two began fighting. Sometime early in the morning of November 3, 2007, the Liberal police dispatch received a 911 call from Angela's cellular phone. The 911 operator heard a female screaming and the sound of someone being struck before

losing the connection. Officers attempted to locate Angela but, lacking a current address, their attempts were unsuccessful.

During the altercation between Delacruz and Angela, Delacruz punched Angela in the face, stomped on her head, sat on her arm, and choked her until she passed out. At some point, Angela hit Delacruz with a lamp. Additionally, during the fight, Angela left the apartment and unsuccessfully attempted to obtain help at a neighbor's apartment. When she returned, she and Delacruz continued fighting. After the altercation ended, Angela and Delacruz remained together in the apartment for 2 days.

On November 7, 2007, Angela appeared in court on an unrelated matter. Officer John McCord was present and observed bruises and cuts on Angela's face and head. McCord asked Angela about the 911 call and convinced her to accompany him to the police station for an interview. During the interview, Angela provided details of her altercation with Delacruz.

The State charged Delacruz with aggravated kidnapping; aggravated battery or, in the alternative, attempted first-degree murder; aggravated intimidation of a witness; and criminal threat.

At trial, Angela testified regarding her fight with Delacruz and the extent of her injuries. The State presented photographs taken the day of Angela's interview of the injuries she claimed to have sustained during her fight with Delacruz. Officer McCord testified about his interview with Angela and his observations of her injuries, and the jury watched a DVD video of the interview. Two officers testified about their attempts to locate Angela following the 911 call. Delacruz' theory of defense was that Angela's testimony was not credible because she had been drinking and had taken several prescription medications the night of the incident.

At the close of the State's evidence, the district court granted Delacruz' motion for a directed verdict in part, finding no evidence to support the charges of aggravated kidnapping, attempted first-degree murder, aggravated intimidation of a witness, and criminal threat. The district court retained the charge of aggravated battery with great bodily harm. However, finding the evidence of this charge to be "thin," the district court also instructed the jury on

the lesser included offenses of aggravated battery with bodily harm and simple battery.

The jury found Delacruz guilty of aggravated battery with great bodily harm, a severity level 4 offense under K.S.A. 21-3414(a)(1)(A).

### Discussion

In this appeal of his conviction, Delacruz argues his right to a fair trial was violated by improper comments made by the district court during voir dire and trial and by the prosecutor during closing argument. Further, he argues the district court committed clear error in instructing the jury on misdemeanor battery and aggravated battery.

Because we conclude that the jury instructions were clearly erroneous and require reversal of Delacruz' conviction and remand for a new trial, we decline to consider Delacruz' claims of judicial and prosecutorial misconduct.

### A. *Jury Instructions*

Delacruz challenges aspects of both Instruction Nos. 3 and 4. Those instructions provided:

"Instruction No. 3

"In Count No 1, the Defendant, Joe Delacruz, is charged with the crime of Aggravated Battery. The Defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That the Defendant intentionally caused great bodily harm to another person; and,

"2. That this act occurred on or about the 3rd day of November, 2007, in Seward County, Kansas."

"Instruction No. 4

"As to Count 1, wherein the Defendant is charged with the offense of Aggravated Battery With Great Bodily Harm, includes the lesser offenses of Aggravated Battery With Bodily Harm and Battery.

"The Defendant pleads not guilty to both of these lesser included offenses.

"To establish the charge of Aggravated Battery With Bodily Harm, each of the following claims must be proved:

"1. That the Defendant intentionally caused bodily harm to another person in any manner whereby great bodily harm, disfigurement or death can be inflicted.

"2. That this act occured [*sic*] on or about the 3rd day of November, 2007, in Seward County, Kansas.

"To establish the charge of Battery, each of the following claims must be proved:

"1. That the Defendant *intentionally caused physical contact with another person in a rude, insulting or angry manner*; and,

"2. That this act occured [*sic*] on or about the 3rd. day of November, 2007, in Seward County, Kansas.

"You may find the Defendant guilty of Aggravated Battery with Great Bodily Harm, Aggravated Battery With Bodily Harm, Battery or not guilty.

"When there is a reasonable doubt as to which of two or more offenses Defendant is guilty, he may be convicted of the lesser offense only.

"*There are no definitions that this Court can give to you to define 'great bodily harm' or 'bodily harm'. You must consider all of the evidence presented, to determine the crime, if any, committed by the Defendant.*" (Emphasis added.)

Delacruz makes two distinct arguments on appeal with respect to these jury instructions. First, he contends the district court clearly erred in defining the lesser included crime of simple battery as "intentionally caus[ing] physical contact with another person in a rude, insulting or angry manner" pursuant to K.S.A. 21-3412(a)(2). He argues the evidence presented at trial instead required that the jury be instructed that simple battery is "intentionally causing bodily harm to another person" pursuant to K.S.A. 21-3412(a)(1).

Further, Delacruz argues the district court committed clear error in instructing the jury regarding aggravated battery when it failed to distinguish "great bodily harm" from "bodily harm" and by affirmatively instructing the jury that no definition of "great bodily harm" or "bodily harm" could be provided.

Delacruz concedes he failed to object to the instructions as given or to the court's failure to define "great bodily harm" and "bodily harm."

When a defendant fails to object to an instruction as given or to the district court's failure to give an instruction, our review is limited to determining whether the instruction given or omitted was clearly erroneous. K.S.A. 22-3414(3); *State v. Cooperwood*, 282 Kan. 572, 581, 147 P.3d 125 (2006). An appellate court may find an instruction to be clearly erroneous only if we are firmly convinced that a real possibility exists that the jury would have rendered a different verdict if the trial error had not occurred. *State v. Carter*, 284 Kan. 312, 324, 160 P.3d 457 (2007).

### 1. *Misdemeanor battery*

Delacruz points out that K.S.A. 21-3412(a) provides two definitions of misdemeanor, or simple, battery: "(1) Intentionally or recklessly causing bodily harm to another person; or (2) intentionally causing physical contact with another person when done in a rude, insulting or angry manner." He argues the district court erred in instructing the jury in this case on the second of these two alternatives, *i.e.*, that simple battery consisted of "intentionally caus[ing] physical contact with another person when done in a rude, insulting or angry manner." Delacruz contends that because the evidence presented by the State clearly supported an instruction on bodily harm, the district court was required to instruct the jury pursuant to K.S.A. 21-3412(a)(1) that simple battery was "intentionally or recklessly causing bodily harm." Delacruz suggests that if the jury had been instructed on battery as defined by K.S.A. 21-3412(a)(1), the jury might have convicted him of misdemeanor battery causing bodily harm rather than aggravated battery causing great bodily harm.

The State bypasses the issue of whether the instruction was erroneous and, instead, argues it was not clearly erroneous because there was no real possibility the jury would have concluded Delacruz was guilty of intentional bodily harm had it been instructed as to this option with respect to the misdemeanor battery charge. Based on its verdict, the State contends the jury necessarily determined that Angela's injuries constituted great bodily harm rather than bodily harm.

We agree that the district court should have given an instruction based on K.S.A. 21-3412(a)(1) on the evidence presented here. However, we will postpone our discussion of whether the instruction was clearly erroneous and consider that issue in conjunction with our discussion of the prejudice caused by the additional instructional error, as discussed below.

### 2. *Aggravated battery*

Delacruz asserts a two-fold challenge to the instruction on aggravated battery. First, he contends the district court erred by failing to provide an instruction distinguishing between "great bodily

harm" and "bodily harm." Second, he argues the court erred by affirmatively instructing the jury that the two terms could not be defined. Delacruz further suggests that if the jury had been instructed that "great bodily harm" means something more than "slight, trivial, minor, or moderate harm and does not include mere bruising," the jury would have convicted him of the lesser offense of aggravated battery as defined in K.S.A. 21-3414(a)(1)(B) or of simple battery as defined in K.S.A. 21-3412(a).

Without benefit of authority, the State contends the aggravated battery instruction correctly stated the law. Further, the State argues that even if the instruction was erroneous, it is unlikely the jury would have reached a different verdict had it been properly instructed.

The jury was instructed on aggravated battery, which is defined in K.S.A. 21-3414(a)(1)(A) as "[i]ntentionally causing *great bodily harm* to another person or disfigurement of another person." (Emphasis added.) Further, the jury was instructed on a lesser included offense of aggravated battery, which is defined in K.S.A. 21-3414(a)(1)(B) as "intentionally causing *bodily harm* to another person with a deadly weapon, or in any manner *whereby great bodily harm, disfigurement or death can be inflicted.*" (Emphasis added.) Aggravated battery as described in K.S.A. 21-3414(a)(1)(A) is a severity level 4 offense, while aggravated battery as described in K.S.A. 21-3414(a)(1)(B) is a severity level 7 offense. K.S.A. 21-3414(b); see *State v. Winters*, 276 Kan. 34, Syl. ¶ 2, 72 P.3d 564 (2003) (severity level 7 aggravated battery is a lesser included offense of severity level 4 aggravated battery).

The terms "great bodily harm" and "bodily harm" are not defined by statute, nor are any definitions provided in the Pattern Instructions for Kansas (PIK). See K.S.A. 21-3414; PIK Crim. 3d. 53.00; PIK Crim. 3d 56.18; but see PIK Crim. 3d 56.18, Comment.

However, courts have consistently explained that the term "great bodily harm" distinguishes the bodily harm necessary to establish aggravated battery "from slight, trivial, minor, or moderate harm, and does not include mere bruising, which is likely to be sustained in simple battery." See, *e.g.*, *State v. Green*, 280 Kan. 758, 765, 127 P.3d 241, *cert. denied* 549 U.S. 913 (2006); *State v. Dubish*, 234

Kan. 708, 716, 675 P.2d 877 (1984); *State v. Sanders,* 223 Kan. 550, 552, 575 P.2d 533 (1978); *State v. Morton,* 38 Kan. App. 2d 967, 971, 174 P.3d 904, *rev denied* 286 Kan. 1184 (2008).

Generally, whether particular injuries constitute. "great bodily harm" as opposed to "bodily harm" is a fact question for a jury to decide. *Green,* 280 Kan. at 765; *Morton,* 38 Kan. App. 2d at 971-72. Thus, Delacruz' suggestion that the jury should be instructed regarding the distinction between the two terms has merit.

Further, while PIK Crim. 3d 56.18 does not incorporate the common-law definition of "great bodily harm," that definition is referred to in the comment to PIK Crim. 3d 56.18. Further, our Supreme Court has held that while district courts are strongly encouraged to use PIK instructions as written, if the particular facts of a case require modifications or additions to a PIK instruction, the trial court should not hesitate to do so. See *State v. Gallegos,* 286 Kan. 869, 878, 190 P.3d 226 (2008).

Certainly, it would have been helpful for the district court to modify the PIK instruction in this instance to include a discussion of the distinction between "great bodily harm" and "bodily harm." However, we need not decide whether the court's failure to do so was error or even clear error. Instead, as discussed below, we find it necessary to reverse Delacruz' conviction based upon the affirmative misstatement contained in Instruction No. 4.

Instruction No. 4 advised the jury that "[t]here are no definitions that this Court can give to you to define 'great bodily harm' or 'bodily harm.'" Delacruz argues this misstatement implied to the jury that there was no meaningful distinction between the two terms and essentially encouraged the jury to react impulsively to the evidence of physical harm.

We agree. The district court affirmatively and erroneously misadvised the jury that the two terms could not be defined, contrary to well-established case law. Moreover, in considering whether a real possibility exists that the jury would have rendered a different verdict if the trial error had not occurred, we are swayed by the district court's own characterization of the evidence of "great bodily harm" as "thin." Finally, the effect of this error may have been compounded by the district court's failure to properly instruct the

jury on misdemeanor battery. As discussed above, the district court should have instructed the jury that simple battery consisted of "intentionally or recklessly causing bodily harm" instead of "intentionally caus[ing] physical contact with another person when done in a rude, insulting or angry manner."

We conclude that if the jury had been properly instructed on simply battery using the phrase "bodily harm," and had not been mistakenly instructed that the terms "great bodily harm" and "bodily harm" could not be defined, a real possibility exists that the jury would have rendered a different verdict. Therefore, we reverse and remand this case to the district court for a new trial.

Reversed and remanded.