NOT DESIGNATED FOR PUBLICATION

No. 123,144

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ROBERT H. BOOKER III,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed March 26, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before POWELL, P.J., GREEN and HILL, JJ.

PER CURIAM:  Robert H. Booker III appeals the district court's denial of his motion to correct illegal sentence. We granted Booker's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded to Booker's motion by agreeing that summary disposition was appropriate. Based on our review of the record, we do not find that the district court erred in denying Booker's motion to correct illegal sentence. Thus, we affirm.

In 2014, a jury convicted Booker of aggravated sexual battery and sexual battery, which had been submitted to the jury as a lesser included offense. At sentencing, the district court vacated Booker's sexual battery conviction because it was a lesser included

1

offense of his other conviction, which was more severe. The district court sentenced Booker to 55 months in prison, awarded him credit for time already served, and imposed lifetime postrelease supervision.

Booker appealed on grounds unrelated to this appeal and did not argue that insufficient evidence supported his aggravated sexual battery conviction. Nor did Booker argue the district court should have dismissed his aggravated sexual battery conviction instead of his sexual battery conviction. Another panel of this court affirmed Booker's conviction and sentence. *State v. Booker*, No. 113,846, 2016 WL 5012325, at *9 (Kan. App. 2016) (unpublished opinion).

On February 26, 2020, Booker filed his present motion to correct illegal sentence under K.S.A. 2019 Supp. 22-3504. In that motion, he argued he should have only received a sentence for sexual battery, not aggravated sexual battery, because the jury convicted him of both crimes. The district court summarily denied his motion because it presented "no substantial questions of fact or law." Booker timely appeals.

A sentence is illegal when it is imposed by a court without jurisdiction; it does not conform to the applicable statutory provisions, either in character or the term of punishment; or it is ambiguous about the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1); see *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019).

Booker argues that because the jury found him guilty of both aggravated sexual battery, a felony, and the lesser included offense of sexual battery, a misdemeanor, he should have been sentenced only for the lesser crime, rendering his sentence to the higher severity level crime illegal. Because he was sentenced to the higher severity level crime, he argues the district court erred in denying his motion to correct illegal sentence.

2

We disagree with Booker because his real complaint is about his conviction for aggravated sexual battery. A motion to correct an illegal sentence is not the proper procedural vehicle to reverse a conviction. "K.S.A. 22-3504 is solely a vehicle to correct a sentence." *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

Moreover, "sexual battery is a lesser included offense of aggravated sexual battery." *State v. Pfannenstiel*, 302 Kan. 747, 753, 357 P.3d 877 (2015); see K.S.A. 2020 Supp. 21-5109(b) (defining lesser included offense). When a defendant receives multiplicitous convictions, as is the case here, "the defendant should be sentenced only on the more severe offense." *State v. Winters*, 276 Kan. 34, 43, 72 P.3d 564 (2003); see *State v. Craig*, 311 Kan. 456, 463, 462 P.3d 173 (2020) (upholding district court's imposition of sentence on more severe crime when jury convicted defendant of two offenses based on same criminal act). It is also proper for the district court to vacate the lesser conviction. See *State v. Turbeville*, 235 Kan. 993, 995, 686 P.2d 138 (1984); see also K.S.A. 2020 Supp. 21-5109(b) ("defendant may be convicted of either the crime charged or a lesser included crime, but not both.").

The district court properly sentenced Booker to the more severe offense of aggravated sexual battery and his sentence is not illegal under the parameters set by K.S.A. 2020 Supp. 22-3504.

Affirmed.