CORRECTED OPINION

NOT DESIGNATED FOR PUBLICATION

No. 111,718
No. 111,719

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

STEVEN HERNANDEZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed October 30, 2015. Reversed and remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., MCANANY and ATCHESON, JJ.

*Per Curiam*:  Defendant Steven R. Hernandez appeals the Sedgwick County District Court's denial of his postsentencing motion to withdraw his guilty plea to a charge of attempted aggravated indecent liberties with a child. After receiving a brief proffer and hearing argument on the motion, the district court incorrectly applied the controlling standard for assessing manifest injustice. We, therefore, reverse and remand for further proceedings.

1

The detailed facts underlying the charged crime are not pertinent to the issue on appeal. We offer an overview for context. On a December evening in 2007, Hernandez was at a friend's apartment drinking and watching television. Because the weather was bad and he had been drinking, Hernandez asked if he could spend the night at the apartment. His friend agreed. Later, Hernandez took off his clothes, got into the bed where his friend's 11-year-old daughter was sleeping, and began caressing the girl. The girl got out of bed and went to her parents' room. After she told her mother and father what happened, they confronted Hernandez. Hernandez suggested everything was all right, since the girl was 18 years old. The girl's father—Hernandez' friend—physically detained him as the girl's mother called the police. Hernandez was arrested and charged with the felony sex offense.

Hernandez went to trial and relied principally on an intoxication defense. See *State v. Schreiner*, 46 Kan. App. 2d 778, 792, 264 P.3d 1033 (2011) (discussing voluntary intoxication as defense to aggravated indecent liberties with a child). The police officer who arrested Hernandez and the victim's parents testified that Hernandez did not appear to be highly intoxicated. The jury convicted Hernandez. The Kansas Supreme Court reversed the conviction and remanded for a new trial because the district court accepted the verdict and dismissed the jury even though the verdict forms indicated the jury found Hernandez guilty of both the charged offense and the lesser offense of attempted aggravated indecent liberties with a child—a legal inconsistency. *State v. Hernandez*, 294 Kan. 200, 206-07, 273 P.3d 774 (2012).

The morning his second trial was to begin Hernandez entered an *Alford* plea to a charge of attempted aggravated indecent liberties with a child as part of an agreement with the State calling for the prosecutor to join in a recommendation for a sentence of 165 months in prison, a downward durational departure from the sentencing guidelines. See

*North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). The district court accepted the plea and adjudged Hernandez guilty. At the sentencing hearing, the district court declined to follow the plea agreement and sentenced Hernandez to 214 months in prison.

About 9 months later, Hernandez filed a motion to withdraw his plea on the grounds his lawyer had failed to subpoena an important witness, so he felt compelled to plead rather than go to trial. The district court appointed a new lawyer to represent Hernandez on the motion. At the hearing on the motion, Hernandez' lawyer proffered that had Ricardo Ponce been called as a witness at the retrial—he did not testify at the first trial—he would have told the jurors that he and Hernandez had been drinking together the day of the sexual assault and that Hernandez had been quite intoxicated when they parted company late in the day. According to the proffer, Ponce would have provided evidence about Hernandez' intoxication shortly before Hernandez went to his friend's apartment. That evidence, at least circumstantially, would have been at odds with what the arresting officer and the victim's parents had to say.

The district court denied the motion to set aside the plea because Ponce's testimony, as outlined in the proffer, in all likelihood would not have led to a more favorable outcome for Hernandez in the retrial than he received in the original trial. That is, in the district court's view, a jury would convict Hernandez despite Ponce's testimony. According to the district court, Hernandez, therefore, failed to demonstrate any manifest injustice warranting relief. Hernandez has appealed the denial of his motion.

A defendant seeking to withdraw a plea after sentencing must show relief is necessary to correct manifest injustice. K.S.A. 2014 Supp. 22-3210(d)(2). Manifest injustice has been described as something obviously unfair or shocking to the conscience. *State v. Kelly*, 291 Kan. 868, Syl. ¶ 3, 248 P.3d 1282 (2011). An appellate court will not disturb a trial court's denial of a motion to withdraw a plea after sentencing unless the

3

defendant establishes an abuse of discretion. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). In exercising its discretion under K.S.A. 2014 Supp. 22-3210(d), the district court should consider if (1) the defendant was represented by competent counsel; (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) the plea was fairly and understandingly made. *State v. White*, 289 Kan. 279, 285, 211 P.3d 805 (2009); see also *State v. Moses*, 280 Kan. 939, 950-54, 127 P.3d 330 (2006) (recognizing other relevant factors supporting the denial of a postsentence motion to withdraw plea despite the court's failure to substantially comply with K.S.A. 22-3210[a], including the reasonable promptness of the motion; prejudice to the State; defendant's prior involvement in the criminal justice system; and defendant's receipt of a favorable plea bargain).

In considering a postsentencing motion to withdraw a plea, the defense lawyer's competence is measured by the standard for adequate representation under the Sixth Amendment to the United States Constitution. See *State v. Kelly*, 298 Kan. 965, 969-70, 318 P.3d 987 (2014). A defendant must show his or her lawyer's performance "fell below an objective standard of reasonableness" and but for that inadequate performance there was "a reasonable probability" the outcome of the proceeding would have been different. 298 Kan. at 969-70. In the context of a request to withdraw a plea, the issue is whether "the defendant would have insisted on going to trial instead of entering the plea." 298 Kan. at 970. The likely result of the trial is, therefore, beside the point.

A district court exceeds the bounds of judicial discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Given the governing legal standards, the district court acted outside the proper legal framework in denying Hernandez' motion. The district court based its ruling on how it gauged the impact of Ponce as a potential witness in the retrial. That's not the correct legal question. The relevant issues are why Ponce was not subpoenaed for trial and whether Hernandez would have gone to trial had he been subpoenaed. The hearing record sheds no useful light on those points. And, of course, the district court has not ruled on them.

It may be that Hernandez never told his trial lawyer about Ponce or, if he did, the lawyer could not locate Ponce despite a concerted effort to do so. Maybe the lawyer and Hernandez discussed Ponce as a potential witness and ultimately decided he wouldn't be all that helpful—making the plea deal a better option than trial. Conversely, the trial lawyer may have dropped the ball entirely in attempting to secure Ponce as a witness. Even if the lawyer thought going to trial with Ponce as the star defense witness was a bad idea, the decision to do so or to plead belonged to Hernandez. *New York v. Hill*, 528 U.S. 110, 114, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000) (defendant must personally waive right to plead not guilty); *State v. Carter*, 270 Kan. 426, 439, 14 P.3d 1138 (2000) (In consultation with counsel, a criminal defendant must personally decide whether to plead guilty or go to trial before a judge or jury and whether to testify in his or her own defense.). Those considerations likely will need to be explored on remand to assess fully what we have identified as relevant issues.

We, therefore, reverse and remand for an evidentiary hearing.