NOT DESIGNATED FOR PUBLICATION

No. 114,414

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON DEAN PANGBURN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Barton District Court; RON SVATY, judge. Opinion filed July 1, 2016. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Douglas A. Matthews*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL, J., and WALKER, S.J.

*Per Curiam:* After his conviction of driving under the influence of alcohol, Brandon Dean Pangburn appealed the district court's denial of his motion to suppress evidence. He claims that the deputy who initiated the traffic stop did not have reasonable suspicion to do so, as required by the Fourth Amendment to the United States Constitution. Because the State showed a reasonable suspicion to justify the stop, we hold that the district court did not err in denying his motion to suppress. We affirm.

At about 2:35 a.m. on May 27, 2012, Barton County Sheriff's Department Deputy Travis Doze was on duty in Great Bend. The dispatcher told Doze that there had been a

1

"driving complaint" in the part of the county to which he was assigned that night. Doze drove to the area, which was near Ellinwood, where the driving complaint arose. When he turned east onto an unpaved road that was approximately 12 to 15 feet wide, he saw a set of headlights coming toward him, approximately one-tenth of a mile away. The oncoming vehicle crested a hill and "to avoid a collision," Doze drove into the ditch on the south side of the road. When later asked how close the other vehicle was to him, Doze said it was "in the center to my side of the road," stating, "It was not safe for two vehicles. We could not occupy the same space at the same time." On cross-examination, Doze acknowledged that the road was not wide enough for both cars; one of them would have had to pull over to let the other pass. He also agreed that he had not at any point seen Pangburn speed, leave the roadway, or leave his lane of travel.

Doze drove out of the ditch, turned around, and followed the vehicle, but did not turn on his emergency lights. He saw the other vehicle stop, turn left onto another road, and slow down "for no apparent reason." After turning right onto U-56 Highway, Doze saw the vehicle "weaving within its lane, touching the fog line and then back to the center line." He followed the vehicle for another 1 1/2 miles, then activated his emergency lights and stopped the vehicle. In total, Doze followed the vehicle for approximately 4 miles.

Lieutenant Steve Billinger of the Kansas Highway Patrol was also on duty that night and when he heard on the radio that Doze had stopped a vehicle, he joined Doze at the stop location. The driver produced a driving license that identified him as Brandon Pangburn. After Pangburn performed sobriety tests and was arrested, a breath test indicated a breath alcohol level of 0.161. The State charged him with DUI under K.S.A. 2011 Supp. 8-1567, and Pangburn filed a motion to suppress, arguing that when Doze stopped him, he did not have reasonable suspicion to believe Pangburn had committed or was committing a crime or traffic infraction. Pangburn claimed that the stop violated his constitutional rights and the court should suppress all the evidence obtained after it.

2

Doze and Billinger testified at the hearing on the motion to suppress. The State argued that Pangburn's failure to yield the center of the road or slow down when he encountered Doze, causing Doze to drive into the ditch, and Pangburn's failure to slow down after Doze drove into the ditch were because Pangburn "was totally oblivious to those things that were happening around him." The State argued further that Pangburn's lack of action to avoid a possible collision "suggests either reckless driving or a failure to yield to an oncoming vehicle or a failure to maintain [a] lane. Whatever we want to call it, it suggests someone who has no regard for the rules of the road, and that gives the officer an articulable suspicion." Thus, the State concluded, the stop was permissible.

In response, Pangburn pointed out that Doze never testified that Pangburn committed any traffic infraction or that he initiated the stop because of something inappropriate when the vehicles passed each other on the unpaved road. Pangburn argued that because the road was too narrow for two cars to pass in opposite directions, one of the vehicles had to slow down and pull over and that is what happened—not reckless driving. Moreover, there was no testimony that Doze had a description of the vehicle involved in the driving complaint, so the stop could not have been caused by the complaint. Pangburn claimed that the State had failed to show that the stop was permissible, so the court should suppress the evidence.

The district court judge denied the motion, stating:

"Unfortunately, I'm all too familiar with this kind of scenario out in the country where the road is not wide enough for two to pass or almost not to pass when you are. However, the testimony was that the officer saw the car approach in the middle of the road, and the approaching vehicle was in the same situation obviously that the officer was, that he would have seen the approaching headlights toward him also, and he did not do anything. He did not slow down. He did not move. He continued to drive. He didn't— he just simply passed the officer who had to go into the ditch to avoid a collision. No matter how you look at this, in this kind of situation, both drivers would slow down and

3

at least to make sure that they're not running into the other vehicle, and the defendant did not do that. When the officer followed him, according to my notes, the testimony was the driver was driving weaving in the lane, going over the fog—the fog line when then the vehicle was stopped. So I am going to determine that the officer had sufficient reason to stop him . . . ."

After this ruling, Pangburn waived his right to a jury trial and agreed to submit the case to the district court on a stipulation of facts. The district court found Pangburn guilty of DUI and sentenced him to 12 months in jail with all but 5 hours suspended, 12 months of supervised probation, and a $1,250 fine.

In his sole issue on appeal, Pangburn claims that the district court erred when it denied his motion to suppress. By including in the stipulation of facts that he contemporaneously objected to any evidence that would have been suppressed if the motion to suppress had been successful, Pangburn preserved this issue for appellate review. See *State v. Hernandez*, 294 Kan. 200, 212, 273 P.3d 774 (2012).

Where, as here, the parties do not dispute the material facts underlying the denial of the motion to suppress, whether to suppress evidence is a question of law subject to de novo review. *City of Atwood v. Pianalto*, 301 Kan. 1008, 1012, 350 P.3d 1048 (2015). In the district court, the State bore the burden to prove by a preponderance of the evidence that Pangburn's stop was lawful. See *State v. Talkington*, 301 Kan. 453, 476, 345 P.3d 258 (2015). Pangburn asserts that the State failed to meet this burden.

K.S.A. 8-1566 defines reckless driving as "driv[ing] any vehicle in willful or wanton disregard for the safety of persons or property." Pangburn's action that forced Doze to drive into the ditch caused him to form reasonable suspicion that Pangburn was committing reckless driving.

4

This was an early morning encounter on a narrow roadway where Pangburn clearly would have seen the approaching headlights of Doze's car. He did not slow his car or take any action to avoid a collision, which forced Doze to drive into the ditch. We must agree with the district court's conclusions that Doze had a good reason to stop Pangburn.

Affirmed.