NOT DESIGNATED FOR PUBLICATION

No. 115,926

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUANE F. BRANNAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Franklin District Court; DOUGLAS P. WITTEMAN, judge. Opinion filed May 12, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before GREEN, P.J., STANDRIDGE and GARDNER, JJ.

*Per Curiam*: Duane F. Brannan appeals from the judgment of the district court denying his motion to correct an illegal sentence. After entering a no contest plea to one count of aggravated criminal sodomy, Brannan was sentenced under what is commonly known as Jessica's Law, which mandates a harsher punishment for this crime if the defendant is 18 years of age or older and the victim is under the age of 14. See K.S.A. 2016 Supp. 21-5504(b)(1), (c)(3) and K.S.A. 2016 Supp. 21-6627(a)(1)(D). Brannan complains that his sentence is illegal because the State did not prove to a jury beyond a reasonable doubt that he was at least 18 years old when he committed the offense. Thus, he argues the court had to engage in judicial factfinding to impose the more harsh sentence, in violation of his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 20 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). We granted Brannan's motion for

1

summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and does not object to summary disposition of Brannan's appeal. Finding no error, we affirm the district court.

FACTS

In a complaint filed in October 2011, the State charged Brannan with three counts of aggravated criminal sodomy and two counts of aggravated indecent liberties with a child for offenses committed between August 1, 2010, and October 3, 2011. Each count was classified as an off-grid felony under Jessica's Law based on the allegations that Brannan was over 18 years of age while his victim was under 14 years of age. See K.S.A. 2016 Supp. 21-5504(b)(1), (c)(3); K.S.A. 2016 Supp. 21-5506(b)(3)(A), (c)(3); K.S.A. 2016 Supp. 21-6627(a)(1)(C), (D).

Pursuant to a plea agreement, Brannan entered a no contest plea to count 1 of the complaint, a single charge of aggravated criminal sodomy. In exchange for Brannan's plea, the State agreed to dismiss the remaining charges. Before accepting Brannan's plea, the district court and Brannan engaged in a plea colloquy wherein the court expressly advised Brannan of the many rights he would be waiving by entering his plea, including his right to a jury trial and his right to have the State meet its burden of proof beyond a reasonable doubt. Brannan further indicated his understanding that he was facing a possible life sentence as a result of his plea and that the court would be required to impose a minimum 25-year sentence under Jessica's Law. After the court accepted Brannan's plea, the State offered a factual basis for the plea and advised the court that if the matter proceeded to trial, it would present evidence that Brannan had touched his daughter, C.B., in her vaginal and anal area with his finger and his penis. The State's factual basis also included information that Brannan was over 18 years of age when he committed the crime.

2

At a sentencing hearing on March 19, 2012, the district court sentenced Brannan to life in prison with a mandatory minimum sentence of 25 years. The sentence also included lifetime postrelease supervision and a lifetime no-contact order as to the victim.

On April 4, 2013, Brannan filed a motion to correct an illegal sentence. Brannan argued, in relevant part, that (1) the district court had violated his constitutional rights under *Apprendi* in imposing the enhanced sentence because the fact that he was over 18 years of age when he committed the crime was not proved to a jury beyond a reasonable doubt and (2) the district court lacked statutory authority to impose a term of lifetime postrelease supervision and a lifetime no-contact order. The district court held a hearing on the motion where only the State was present. It does not appear that the court notified Brannan of the hearing or arranged for his appearance and representation by counsel. At the hearing, the district court summarily vacated the no-contact order and the order of lifetime postrelease supervision and imposed lifetime parole instead. The court also summarily denied the remainder of Brannan's motion.

Brannan appealed this ruling. We reversed the district court, finding that it was statutorily required to notify Brannan and give him an opportunity to be present with counsel at any hearing conducted on his motion. We remanded the case for such a hearing. See *State v. Brannan*, No. 111,147, 2014 WL 6676183 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1012 (2015).

On remand, the district court appointed counsel for Brannan and held another hearing on the motion to correct an illegal sentence, this time in the presence of Brannan, his counsel, and the State. At the hearing, the State conceded that the no-contact order should be lifted and that lifetime parole instead of lifetime postrelease supervision should be imposed. Following argument from counsel on the remaining issue relating to Brannan's age at the time of the crime, the district court ruled that the State had sufficiently set forth the required proof of Brannan's age and that there was no violation

3

of *Apprendi*. As a result, the court affirmed Brannan's original sentence of life in prison with parole eligibility after 25 years. The court also vacated the no-contact order and imposed lifetime parole instead of lifetime postrelease supervision. Brannan timely appealed.

ANALYSIS

Whether a sentence is illegal within the meaning of K.S.A. 22-3504(1) is a question of law over which an appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). An illegal sentence is a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized; or a sentence which is ambiguous with regard to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

Brannan continues to assert that the district court violated his constitutional rights under *Apprendi* in imposing the enhanced sentence because the fact that he was 18 years of age or older at the time of the current offense was never proved to a jury beyond a reasonable doubt. Brannan contends that his plea was only to the elements of the crime of aggravated criminal sodomy, not to any sentencing enhancements.

The law governing Brannan's claim is well settled. Under determinate sentencing schemes such as the revised Kansas Sentencing Guidelines Act (KSGA), when "a trial judge exercises his [or her] discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *United States v. Booker*, 543 U.S. 220, 233, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). However, the Sixth and Fourteenth Amendments to the United States Constitution require that any fact that increases the penalty for a crime beyond the statutory maximum, except the fact of a prior conviction, must be submitted to a jury and

4

proved beyond a reasonable doubt. See *Apprendi*, 530 U.S. 466; see also *Blakely v. Washington*, 542 U.S. 296, 304, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (noting that the jury must find "all the facts 'which the law makes essential to the punishment'"). "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. at 303.

In *Booker*, the United States Supreme Court recognized an exception to the *Apprendi* rule when the defendant admits a fact. *Booker*, 543 U.S. at 244. In Kansas, the fact that the defendant is 18 years of age or older is an element of offenses classified as off-grid felonies under Jessica's Law, not a sentence-enhancing factor. See *State v. Hernandez*, 294 Kan. 200, 207, 273 P.3d 774 (2012); see also *State v. Brown*, 291 Kan. 646, 663, 244 P.3d 267 (2011) ("defendant's age at the time of the offense is an element of the crime if the State seeks to convict the defendant of the more serious, off-grid level of the offense"); *State v. Kemble*, 291 Kan. 109, 126, 238 P.3d 251 (2010) (same). Accordingly, when there is no evidence to establish the age element in offenses charged under Jessica's Law, the sentencing court is precluded from imposing the enhanced off-grid sentence and must instead impose the lesser KSGA sentence. See, *e.g.*, *State v. Morningstar*, 289 Kan. 488, Syl. ¶ 3, 213 P.3d 1045 (2009); *State v. Bello*, 289 Kan. 191, 199-200, 211 P.3d 139 (2009).

When defendants plead no contest to a charge, they are making a formal declaration that they do not contest the charges against them. K.S.A. 22-3209(2). Count 1 of the complaint in this case included the material factual element that Brannan was "over eighteen (18) years of age ([DOB]10/15/78)" when he committed the offense of aggravated criminal sodomy. Although Brannan's written plea agreement does not expressly list his age, the plea agreement does indicate that Brannan agreed to plead no contest to count 1 of the complaint, which specifically states that he was over 18 years old at the time of the offense. Additionally, at the plea hearing, the State proffered

5

evidence of Brannan's crime. The proffer included Brannan's date of birth and that he was over the age of 18 at the time of the offense. Brannan did not contest the State's factual basis. By pleading no contest to the offense as charged, Brannan did not challenge the fact that he was 18 or more years of age when he committed the crime. The district court could then use that uncontested fact to impose the off-grid sentence without running afoul of the constitutional principles discussed in *Apprendi* and its progeny.

Because Brannan's no contest plea prevents him from challenging the factual assertions alleged in the complaint, the district court did not err in denying the constitutional argument raised in Brannan's motion to correct an illegal sentence.

Affirmed.