NOT DESIGNATED FOR PUBLICATION

Nos. 116,279
116,280

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN R. HERNANDEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed September 8, 2017. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM:  Steven R. Hernandez appeals the denial of his postsentence motion to withdraw his plea to attempted aggravated indecent liberties with a child. On appeal, Hernandez has failed to show how counsel's strategic decision not to interview and call a witness for his jury trial caused him to enter an *Alford* plea. Our review of the record reflects Hernandez failed to establish that a reasonable probability exists that, but for his counsel's decision, he would have insisted on going to trial instead of entering an *Alford* plea. We affirm.

1

In 2008, a jury convicted Hernandez of aggravated indecent liberties with a child (R.F.) and a lesser included offense, attempted aggravated indecent liberties with a child. Our Supreme Court reversed Hernandez' convictions and remanded for a new trial, finding: "It is a legal impossibility to both attempt the commission of a crime and complete the commission of the same crime, because the failure to complete commission of the crime is an element of attempt." *State v. Hernandez*, 294 Kan. 200, 204, 273 P.3d 774 (2012). The underlying facts supporting Hernandez' plea are not relevant to the issue now on appeal and we disperse with setting them out here.

On remand, Hernandez was appointed counsel. He met with his attorney and told her he wanted to proceed to trial as soon as possible and wished to pursue a voluntary intoxication defense. He gave her the name and contact information of a potential witness, Ricardo Ponce, who had been with Hernandez before he went to R.F.'s home. Hernandez told his counsel Ponce could testify regarding his level of intoxication on the night of the incident. Hernandez' counsel advised him that, in her experience, a voluntary intoxication defense rarely worked and could potentially be seen by the jury as an admission the act occurred.

Hernandez' counsel reviewed the trial transcripts and the reports from the arresting officers. She noted Hernandez told the officers he drank two or three beers prior to the incident. The arresting officer had indicated he did not detect an odor of alcohol on Hernandez' person and did not believe Hernandez was intoxicated at the time of the postarrest interview—approximately 30 minutes after the incident. Additionally, counsel believed that based on her review of Hernandez' interview, he was able to answer the officer's questions clearly and appropriately and did not show signs of being intoxicated. Ultimately, based on her review of the entire record, counsel concluded voluntary

intoxication was not an appropriate defense. She did not contact or subpoena Ponce and did not discuss her decision with Hernandez prior to trial.

On the morning of trial, Hernandez asked his attorney to see if the State was willing to offer a plea deal. As part of the plea deal, the State offered to join in a recommendation to the court for a downward durational departure to 165 months' imprisonment in exchange for Hernandez pleading guilty to one count of attempted aggravated indecent liberties with a child. Hernandez agreed and entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Based on Hernandez' crime of conviction and his criminal history score, the Kansas Sentencing Guidelines Act provided for a sentencing range of 240 to 267 months' imprisonment. The district court granted Hernandez a downward durational departure but declined to follow the joint recommendation and sentenced Hernandez to 214 months' imprisonment.

Approximately nine months later, Hernandez filed a motion to withdraw his plea, alleging his counsel was ineffective for failing to subpoena Ponce, thereby forcing him to enter a plea rather than go to trial. After an evidentiary hearing, the district court denied Hernandez' motion, finding Ponce's testimony would not have changed the outcome at trial. Hernandez timely appealed to this court. Another panel of this court reversed, finding the district court applied an incorrect legal standard. The matter was remanded with instructions to hold a new evidentiary hearing to determine (1) whether Hernandez' counsel's failure to subpoena Ponce was objectively deficient; and (2) whether Hernandez would have gone to trial but for counsel's failure to subpoena Ponce. See *State v. Hernandez*, No. 111,718, 2015 WL 6629788, at *1, 3 (Kan. App. 2015) (unpublished opinion).

On remand, the district court heard testimony from Hernandez and his counsel. Ponce did not testify at the evidentiary hearing. Hernandez testified that he only sought

and entered a plea because his counsel told him she had not subpoenaed Ponce and did not plan to call him as a witness. Hernandez' counsel testified she had not discussed with Hernandez the fact Ponce would not be testifying before he asked her to approach the State to discuss the benefit of entering a plea. The district court denied Hernandez' motion, finding his counsel's decision not to contact Ponce or pursue a voluntary intoxication defense was objectively reasonable under the circumstances; based on her investigation, the defense would not be advantageous for Hernandez. The district court further found that even if counsel's performance was deficient, Hernandez was not prejudiced; he would have entered a plea irrespective of his counsel's decision.

Hernandez timely appealed.

ANALYSIS

Hernandez argues the district court erred in denying his motion to withdraw his plea. "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2016 Supp. 22-3210(d)(2). Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Davisson*, 303 Kan. 1062, 1064-65, 370 P.3d 423 (2016). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the ruling is based on an error of law; or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Hernandez asserts his counsel was ineffective, thereby forcing him to enter the plea deal rather than go to trial. A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. When the district court conducts a full evidentiary hearing on such claims, the appellate court determines whether the district court's findings are supported by substantial competent evidence and whether the factual

4

findings support the court's legal conclusions; the appellate court applies a de novo standard to the district court's conclusions of law. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015).

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish: (1) the performance of defense counsel was deficient under the totality of the circumstances; and (2) prejudice, *i.e.*, "a reasonable probability exists that, but for [counsel's] errors, [he] would have insisted on going to trial." *State v. Adams*, 297 Kan. 665, 669, 673, 304 P.3d 311 (2013). A reasonable probability means a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

Judicial scrutiny of counsel's performance is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). "It is within the province of a lawyer to decide what witnesses to call, whether and how to conduct cross-examination, and other strategic and tactical decisions." *Thompson v. State*, 293 Kan. 704, 716, 270 P.3d 1089 (2011). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984).

Here, the district court correctly found Hernandez failed to establish his counsel's performance was objectively deficient under the totality of the circumstances. Hernandez' counsel indicated she discussed the voluntary intoxication defense with him and, in her experience, it was rarely successful. She also advised him it could hurt his case because asserting the defense essentially conceded he committed the acts charged. In reaching her decision, Hernandez' counsel considered his statement to police that he drank two or

5

three beers prior to the incident and his demeanor during the videotaped interview. She also considered the fact the officers did not indicate any impairment or odor of alcohol and Hernandez was able to respond clearly and appropriately to the officers' questions. She believed the evidence did not show Hernandez was intoxicated and, therefore, did not support a voluntary intoxication defense. Thus, it appears Hernandez' counsel investigated the use of Ponce as a witness and then made a decision not to interview or call him since she believed his testimony would be detrimental to Hernandez' defense. A strategic decision "after thorough investigation of law and facts relevant to plausible options," upon appellate review is "virtually unchallengeable." *Strickland*, 466 U.S. at 690.

While Hernandez' counsel conceded she did not contact or subpoena Ponce, Hernandez did not call Ponce to testify at the evidentiary hearing on remand. Accordingly, Ponce's willingness to testify, the nature of his testimony, and its veracity and credibility have not been established. The facts and reasoning Hernandez' counsel relied on in deciding not to pursue a voluntary intoxication defense are well supported in the record. Ponce's testimony is the only evidence that could undermine counsel's otherwise virtually unchallengeable strategic decision. Hernandez has the burden to show his counsel's performance was objectively deficient under the totality of the circumstances and to demonstrate that there exists a reasonable probability, but for counsel's decision, he would have insisted on going to trial. See *Adams*, 297 Kan. at 673. This court must strongly presume counsel's conduct fell within the broad range of reasonable professional assistance. *Kelly*, 298 Kan. at 970. Hernandez' evidence fails to rebut this presumption; therefore, he failed to meet his burden. Hernandez has failed to show the withdrawal of his plea is required to correct manifest injustice. The district court properly denied his motion to withdraw his plea.

Affirmed.