NOT DESIGNATED FOR PUBLICATION

No. 117,080

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLAYTON DEION WILMER,
*Appellant*.


MEMORANDUM OPINION


Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed March 2, 2018. Affirmed in part, reversed in part, and vacated in part.


*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.


*Michael G. Jones*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, P.J., SCHROEDER, J., and BURGESS, S.J.


PER CURIAM:  Clayton Deion Wilmer was charged with (1) attempted first-degree murder, or in the alternative, aggravated battery of Rudy Levine Hall; (2) criminal discharge of a firearm at an occupied vehicle; (3) aggravated assault of Caitlyn Lucille Cruce; (4) aggravated endangering a child; and (5) criminal possession of a firearm by a convicted felon. Wilmer appeals his jury trial convictions for aggravated assault of Hall, criminal discharge of a firearm at an occupied vehicle, and aggravated endangering a child. At trial, Wilmer stipulated to a prior felony conviction within five years and does not challenge on appeal the conviction for criminal possession of a firearm by a convicted felon.

1

Upon review of the record, we find substantial evidence to support Wilmer's convictions of criminal discharge of a firearm at an occupied vehicle and aggravated endangering of a child. As to Wilmer's conviction for aggravated assault, we agree with both the State and Wilmer that the instruction was given to the jury in error as aggravated assault is not a lesser included charge of attempted first-degree murder. We reverse the conviction for aggravated assault and vacate that portion of his sentence. Affirmed in part, reversed in part, and vacated in part.

FACTS

On the evening of October 24, 2014, Cruce was preparing to give Hall a ride to work. According to Cruce, Hall was seated in the passenger seat of Cruce's vehicle and Cruce's daughter was in a car seat in the back seat. Wilmer and Cruce's daughter was born in summer of 2014. Cruce was in the driver's seat and saw Wilmer approaching with a gun. Cruce sped off but turned too fast on gravel and crashed her car into a pole. Wilmer approached the vehicle, stood two to three feet from the driver's window, looked in, and shot Hall in the leg. Cruce told Wilmer "your daughter's in the car." Wilmer looked in the back seat, "put his hand over his mouth, and took off."

Hall's account differed from Cruce's. Hall testified Wilmer shot him in the leg while the car was moving. According to Hall, Cruce got out of the vehicle and removed her child before Wilmer came to the car window. Wilmer pointed the gun at Hall, it appeared he pulled the trigger but the gun did not go off, and Wilmer left.

The district court dismissed the charge of aggravated assault of Cruce after the close of the State's evidence.

The State withdrew the charge of aggravated battery of Hall as an alternative to attempted first-degree murder. At the jury instruction conference, Wilmer's counsel

2

requested the jury be instructed on attempted voluntary manslaughter and aggravated assault as lesser included offenses of attempted first-degree murder. Although aggravated assault is not a lesser included offense of attempted first-degree murder, the district court gave Wilmer's requested instructions.

The jury convicted Wilmer of aggravated assault of Hall, criminal discharge of a firearm at an occupied vehicle, criminal possession of a firearm, and aggravated endangering a child. Given Wilmer's criminal history score and the four convictions, he was sentenced for a total of 239 months' imprisonment.

ANALYSIS

*The conviction for criminal discharge of a firearm is supported by sufficient evidence.*

Wilmer argues the evidence was insufficient to convict him of criminal discharge of a firearm. Specifically, he argues the evidence presented at trial shows he acted intentionally when he shot Hall but does not show he acted recklessly. He asserts his conviction must be reversed because the jury was instructed it had to find he acted recklessly. "'When the sufficiency of the evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016).

Wilmer's argument is unique because he concedes he could be convicted of acting recklessly if the jury found he acted intentionally. See K.S.A. 2017 Supp. 21-5202(c) ("Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged. If recklessness suffices to establish an element, that element also is established if a person acts knowingly or intentionally."). Nevertheless, Wilmer contends because the jury was not instructed that it could find he acted recklessly if it found he

3

acted intentionally, the evidence was insufficient to support the jury's finding within the parameters of the jury instructions. The jury instruction as given provided:

> "The defendant is charged with criminal discharge of a firearm. The defendant pleads not guilty.
>
> "To establish this charge, each of the following claims must be proved:
>
> "1.     The defendant discharged a firearm at a motor vehicle.
>
> "2.     The defendant did so recklessly and without authority.
>
> "3.     The motor vehicle was occupied by a human being at the time, whether or not the defendant knew or had reason to know it was occupied.
>
> "4.     That the act caused great bodily harm to Rudy L. Hall.
>
> "5.     This act occurred on or about the 24th day of October, 2014 in Leavenworth County, Kansas.
>
> "The State must prove that the defendant committed the crime recklessly. A defendant acts recklessly when the defendant consciously disregards a substantial and unjustifiable risk that a result of the defendant's actions will follow.
>
> "This act by the defendant disregarding the risk must be a gross deviation from the standard of care a reasonable person would use in the same situation."

In other words, Wilmer's argument blurs the line between a challenge to the sufficiency of the evidence and a claim of jury instruction error. While Wilmer points out the jury could have been instructed on K.S.A. 2017 Supp. 21-5202(c), as provided in PIK Crim. 4th 52.020 (2016), he fails to specifically allege jury instruction error and does not address the issue within the applicable legal framework.

Wilmer asserts the evidence did not establish he recklessly discharged a firearm. "A person acts 'recklessly' or is 'reckless,' when such person consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." K.S.A. 2017 Supp. 21-5202(j). Wilmer accurately cites to the definition of reckless but fails to relate the facts presented at trial to

4

this definition. This point is critical to his argument but is incidentally raised and not argued. A point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). Wilmer further asserts the evidence at trial showed he acted intentionally; however, he does not provide a definition of intentional, nor does he explain how the evidence presented could only prove intentional conduct. This point is also critical to his argument but is incidentally raised and not argued. Again, a point raised incidentally in a brief and not argued therein is deemed abandoned. *Sprague*, 303 Kan. at 425.

The caselaw Wilmer relies on provides little support. He cites to *State v. O'Rear*, 293 Kan. 892, 270 P.3d 1127 (2012), and *State v. Ochoa*, 20 Kan. App. 2d 1014, 895 P.2d 198 (1995), for the proposition that someone cannot act both recklessly and intentionally with respect to the same act. The current application of these cases is questionable. The crimes at issue in those cases occurred prior to the 2011 amendment to K.S.A. 21-5202. While not specifically abrogated, it is unlikely the same outcome would have been reached if the statutory language in K.S.A. 2017 Supp. 21-5202(c) had been in effect. *Ochoa* is particularly suspect as its reasoning was strongly disagreed with by our Supreme Court in *State v. Valentine*, 260 Kan. 431, 435, 921 P.3d 770 (1996). *O'Rear* and *Ochoa* are also highly distinguishable. O'Rear testified he intended to shoot his victim in the chest area because he believed the victim was about to attack him and wanted to disable him. The *O'Rear* court found this was uncontroverted evidence that O'Rear acted intentionally, not recklessly. 293 Kan. at 903. Here, Wilmer has failed to demonstrate his action was not reckless, much less show uncontroverted evidence he acted intentionally. *Ochoa* was purely a question of jury instruction error, which, as previously noted, Wilmer has failed to address. See 20 Kan. App. 2d at 1016. The evidence was sufficient to support the conviction.

*The evidence sufficiently supports Wilmer's conviction for aggravated endangering a child.*

Wilmer argues the evidence was insufficient to convict him of aggravated endangering a child because there was no evidence he knew his daughter was in the back seat of the vehicle. "'When the sufficiency of the evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *Rosa*, 304 Kan. at 432-33.

Wilmer correctly cites to K.S.A. 2017 Supp. 21-5601(b)(1) as requiring the State to prove he recklessly caused or permitted a child under the age of 18 years to be placed in a situation in which the child's life, body, or health is endangered. He is also generally correct in his discussion of the evidence presented at trial; however, he fails to acknowledge Cruce's testimony. Cruce testified she had already secured her daughter in the back seat and was in the driver's seat of the vehicle when she saw Wilmer approaching. Cruce sped off, turned on gravel, and crashed the car. Wilmer stood two to three feet from the driver's window and shot Hall in the leg. Cruce told Wilmer his daughter was in the car, at which point Wilmer looked back, saw his daughter, put his hand over his mouth, and took off.

Wilmer argues "the State did not establish that [he] knew of a substantial risk to [his daughter] from his actions and acted in conscious disregard of that risk." He does not cite any authority in support of his argument.

Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). While there is a lack of direct evidence showing Wilmer knew his daughter was in the vehicle, Wilmer

6

does not address whether there was sufficient circumstantial evidence from which reasonable inferences could be drawn. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Wilmer has not properly briefed the issue and has failed to show the evidence was insufficient to support his conviction for aggravated endangering a child.

*We reverse the aggravated assault conviction.*

Wilmer argues his conviction for aggravated assault of Hall was improper because it was not charged in the State's complaint and is not a lesser included offense of attempted first-degree murder. Ultimately, his argument is a question of subject matter jurisdiction. Wilmer was not charged with aggravated *assault* of Hall, he was charged with aggravated assault of Cruce, which the district court dismissed at the close of the State's evidence. The State charged Wilmer with aggravated *battery* of Hall as an alternative to attempted first-degree murder but withdrew the charge before the case was submitted to the jury. Since Wilmer was not charged with aggravated assault of Hall and the State dismissed the alternative charge of aggravated battery, the jury instruction for aggravated assault of Hall was not legally appropriate as a lesser included charge of attempted first-degree murder. The State concedes the error. Because the State has conceded error, we decline to address the merits further. Wilmer's conviction for aggravated assault is reversed, and his sentence for aggravated assault is vacated.

Affirmed in part, reversed in part, and vacated in part.